In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-02-00049-CR
____________

GINA REVAUGHN CARTER, Appellant

V.

THE STATE OF TEXAS, Appellee



On Appeal from the 228th District Court 
Harris County, Texas
Trial Court Cause No. 872342



MEMORANDUM OPINION
          Appellant was charged with possession of at least 400 grams of cocaine with
intent to deliver. After the trial court denied her motion to suppress evidence, she
pleaded guilty without an agreed recommendation. The trial court sentenced her to
15 years’ confinement and a $1,000 fine. We affirm.
 
Background
          There was no live testimony presented in connection with the motion to
suppress evidence. The State submitted an affidavit from Officer A. R. Heinle of the
Houston Police Department Narcotics Division. The officer received a “computer
clue” that an airplane ticket indicated a possible drug-courier profile. The ticket was
for appellant to fly on March 19, 2001, from Birmingham, Alabama to Los Angeles,
California, with a plane change at Bush Intercontinental Airport in Houston. The
two-day-turnaround ticket was purchased in cash by an individual in Los Angeles for
appellant in Birmingham. According to the officer, Los Angeles is known as a drug
“supply” city and Birmingham is known as a “demand” city. 
          During the stop-over in Houston, the officer observed appellant exit the plane
carrying only a purse and a handbag. According to the officer, Continental flight
records indicated that she did not check baggage. Two days later, on March 21, 2001,
appellant flew on the return flight from Birmingham to Los Angeles, again with a
plane change in Houston. During the stop-over in Houston, the officer observed
appellant exit the plane carrying a small handbag and a pull-type suitcase. 
          The officer was dressed in plain clothes and his weapon was not visible. Agent
Birdwell accompanied the officer and stood behind him without blocking appellant’s
path. The officer approached appellant, showed his identification, and asked
permission to speak with her. Appellant obliged. The officer asked appellant where
she was traveling. Appellant explained that she was traveling back to Birmingham
and handed her boarding pass to the officer without a request to do so. When asked,
appellant explained that she had packed her handbag and her uncle had packed her
pull-type suitcase. 
          The officer then advised appellant that he was a narcotics officer at the airport
and asked for permission to search her luggage. Appellant consented to the search,
but asked if they could go to a private room because she had some feminine articles
in her suitcase. They walked to a nearby first-aid room. Appellant told the officer
that her uncle had placed something in her luggage for her baby’s birthday. Agent
Birdwell recovered a saran-wrapped package of white powder, which later tested
positive for cocaine.
          Appellant submitted her own affidavit. She claims that the officers approached
her, one showed her a badge, but he did not identify himself as a law enforcement
officer. They told her that they needed to search her bag as part of a “random,
routine, search for contraband.” She never gave them consent to search, nor did they
inform her that she had the right to refuse consent. She did not feel free to leave. 
          Appellant disagreed with the officer’s assertion that she did not check luggage. 
According to appellant, she checked a bag in Birmingham, the airline lost her bag,
and she retrieved it a day later in Los Angeles. She noticed that someone had
tampered with the bag because it had been cut on the side. For support, attached to
her affidavit is a copy of a baggage claim ticket from her flight. 
          In two points of error, appellant contends that the trial court erred in denying
her motion to suppress evidence because (1) the State did not prove that her consent
was voluntary and (2) her consent, if any, was tainted by an illegal detention.
Standard of Review
          The trial court considered the motion to suppress based solely on affidavits. 
Appellant contends that this Court should use a de novo, rather than a deferential,
standard of review. She contends that, without live testimony, the trial court was not
in a better position to resolve the credibility of the witnesses. We disagree. Trial
courts are the traditional finders of fact, and their determinations of historical fact are
entitled to deference. Manzi v. State, 88 S.W.3d 240, 244 (Tex. Crim. App. 2002). 
Accordingly, we employ a deferential standard of review of the trial court’s resolution
of the historical facts from conflicting affidavits. Id. 
Voluntariness of Consent
          In her first point of error, appellant contends that the trial court erred in
denying her motion to suppress because the State did not prove that her consent was
voluntary.
          Consent to search is a well-established exception to the constitutional
requirements of both a warrant and probable cause. Schneckloth v. Bustamonte, 412
U.S. 218, 219, 93 S. Ct. 2041, 2043-44 (1973); Carmouche v. State, 10 S.W.3d 323,
331 (Tex. Crim. App. 2000). The Fourth Amendment test for a valid consent to
search is that the consent be voluntary, and voluntariness is a question of fact to be
determined from all the circumstances. Schneckloth, 412 U.S. at 248-49, 93 S. Ct. at
2041; Carmouche, 10 S.W.3d at 331. In order to be valid, the consent must be shown
to be positive and unequivocal and not coerced, by implicit or explicit means, by
implied threat or covert force. Carmouche, 10 S.W.3d at 331. The State must show
that the consent was freely given by clear and convincing evidence. Id. 
          Appellant argues that she did not voluntarily consent. In contrast, the officer
stated that he asked for appellant’s permission to search her bag, and she agreed. 
Although appellant’s affidavit differs from the officer’s, the trial court is the
traditional finder of fact, and its determinations of historical fact are entitled to
deference. See Manzi, 88 S.W.3d at 244. 
          This case is similar to Jackson v. State, 77 S.W.3d 921 (Tex. App.—Houston
[14th Dist.] 2002, no pet.), in which the court concluded that the defendant was not
coerced by implied or explicit threats to comply with the request to search. The facts
in Jackson leading to the court’s conclusion that consent was voluntary are identical
to the facts in this case, including: (1) the officer was dressed in plain clothes; (2) his
weapon remained concealed throughout the encounter; (3) only one officer actually
engaged the defendant while the second stood several feet back; (4) the officer did
not retain the defendant’s ticket, but gave it back to him; (5) the officer did not
affirmatively state a belief that the defendant was carrying drugs; (6) the officer told
the defendant that he did not have to allow the officer to look in his bag; (7) the
officer did not suggest that he would get a search warrant if the defendant did not
allow him to look in the bag; (8) the officer did not threaten the defendant either
overtly or through his tone of voice; and (9) the officer did not touch the defendant. 
See id. at 927-28.



          Similarly, the evidence here shows that appellant was not coerced by implied
or explicit threats to comply with the request to search. A reasonable person would
still feel free to walk away at the point that the search occurred. See Hunter v. State,
955 S.W.2d 102, 104 (Tex. Crim. App. 1997). The State presented evidence that the
search was consensual; therefore, we hold that the trial court did not err in denying
the motion to suppress evidence. 
          We overrule the first point of error.
 
Illegal Detention
          In her second point of error, appellant contends that the trial court erred in
denying her motion to suppress because her consent, if any, was tainted by an illegal
detention. The State contends that the officer did not detain appellant, but even if he
did, he had reasonable suspicion to do so.
          Not every encounter between police and citizens involves a seizure or
otherwise implicates the Fourth Amendment. Id. A police officer is just as free as
any other citizen to stop and ask questions of a fellow citizen. Id. Such encounters
are consensual and do not trigger the Fourth Amendment “[s]o long as a reasonable
person would feel free to disregard the police and go about his business.” Id. (citing
Florida v. Bostick, 501 U.S. 429, 434, 111 S. Ct. 2382, 2386 (1991)). Even when
officers have no basis to suspect an individual, they may generally ask questions of
him, ask to examine his identification, and request to search his luggage, so long as
the police do not convey a message that compliance with their requests is required. 
Id. 
          In determining whether a seizure has occurred for Fourth Amendment
purposes, a court must consider the totality of the circumstances surrounding the
encounter. Id. The dispositive question is whether the police conduct would have
communicated to a reasonable person that the person was not free to decline the
officer’s requests or otherwise terminate the encounter. Id. 
          With these guidelines in mind, we determine whether a detention occurred. 
The same facts upon which we rely in holding that appellant voluntarily consented
also show that the officer did not detain appellant. Again, the nine facts set forth
above in Jackson leading to the court’s conclusion that there was no detention are
identical to the facts in this case. See Jackson, 77 S.W.3d at 927-28. In Jackson,
there was nothing to convey a message that the defendant was required to comply
with the officer’s requests, and a reasonable person would have felt free to walk away
from the encounter at any time prior to the search of the bag. Id. Similarly, we
conclude the officer’s conduct toward appellant would communicate to a reasonable
person that the person was free to decline the officer’s requests or otherwise terminate
the encounter. 
          We hold that appellant was not detained; therefore, she did not meet her burden
of proving that a seizure occurred. Because no Fourth Amendment rights were
implicated, we need not reach the issue of whether the officers had reasonable
suspicion to detain appellant. Thus, we hold that appellant’s consent to search was
not tainted. 
          We overrule the second point of error.
 
Conclusion
          We affirm the judgment of the trial court.
 
 
                                                                                  Adele Hedges
                                                                                  Justice
 
Panel consists of Justices Hedges, Jennings, and Alcala.
Do not publish. Tex. R. App. P. 47.2(b).